UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| WHO DAT?, INC. | CIVIL ACTION NO. |
|---|---|
| Plaintiff | |
| | JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| Blue World, L.L.C. | |
| | SECTION "__" (__) |
| Defendant | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Who Dat?, Inc. submits this Complaint for Trademark Infringement against Defendant, Blue World, L.L.C.

**NATURE OF ACTION**

1.  This action is for willful federal trademark infringement, federal trademark counterfeiting, federal trademark dilution, federal unfair competition, state trademark infringement in violation of LA. REV. STAT. § 51:222, trademark dilution under LA. REV. STAT. § 521:223.1, and unfair trade practices in violation of LA. REV. STAT. § 51:1401 *et seq.*

2.  This action results from the Defendant's willful sale of counterfeit products that infringe Plaintiff's trademarks causing harm to Plaintiff.

## THE PARTIES

3. Who Dat?, Inc. ("WDI") is a Louisiana corporation with its domiciliary address at 650 Poydras Street, New Orleans, Louisiana.

4. WDI owns all right, title, and interest in and to the trademark "WHO DAT?" and certain related and derivative marks (collectively the "WHO DAT? Marks"), as used in connection with a variety of goods, including but not limited to apparel. WDI owns U.S. Trademark Reg. No. 4,385,857 for the mark WHO DAT?, U.S. Trademark Reg. No. 4,310,960 for the mark WHO DAT?, U.S. Trademark Reg. No. 2,890,070 for the mark WHO DAT? BLUES BAND, U.S. Trademark Reg. No. 4,402,283 for WHO DAT, and U.S. Trademark Reg. No. 4,051,289 for the mark TWO DAT?. In addition, WDI owns U.S. Trademark Application Serial No. 85/113,102 for the mark WHO DAT, and U.S. Trademark Application Serial No. 86/050,118 for the mark WHO DAT?. In addition to these federal registrations and applications, WDI owns numerous state trademark registrations for the WHO DAT mark in connection with various goods and services.

5. Defendant, Blue World, L.L.C. is a Louisiana limited liability company having a domiciliary address of 2311 Canal Street, New Orleans, Louisiana 70119 and a retail store located at 1019 Decatur Street, New Orleans, Louisiana 70116.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks]; and, 28 U.S.C. §1367(a) [supplemental jurisdiction over related actions arising under state law].

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b) (2) and (c)(2) because Defendant is subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendant's principal place of business and domiciliary address is located in this District and a substantial part of the events giving rise to WDI's claims took place in this District.  Furthermore, Defendant transacts business in this District, has committed tortious acts in this District, and has engaged in activities in this District that subject it to the jurisdiction of this Court.

### WHO DAT?, INC. AND THE "WHO DAT" MARK

8. WDI sells, markets, promotes, and licenses others to sell, market and promote a wide array of goods and services under the designation WHO DAT?  WDI first began marketing and selling WHO DAT? – branded products in 1983 and has continuously used the designation WHO DAT? in interstate commerce since that time.

9. Throughout the United States, and in some foreign countries, WDI is known for its products sold under the WHO DAT? brand name.  WDI's products are in great demand, in part because the products are regularly promoted by WDI and WDI's licensees. In addition, WDI's products are often featured on television networks, magazines, newspapers and in various media outlets available via internet.

10. WDI has used the WHO DAT Marks in interstate commerce.

11. In fact, WDI owns all right, title, and interest in and to the trademark "WHO DAT?" and certain related and derivative marks (collectively the "WHO DAT? Marks"), as used in connection with a variety of goods, including but not limited to apparel. WDI owns U.S. Trademark Reg. No. 4,385,857 for the mark WHO DAT?, U.S. Trademark Reg. No. 4,310,960 for the mark WHO DAT?, U.S. Trademark Reg. No. 2,890,070 for the mark WHO DAT?

BLUES BAND, U.S. Trademark Reg. No. 4,402,283 for WHO DAT, and U.S. Trademark Reg. No. 4,051,289 for the mark TWO DAT?.  In addition, WDI owns U.S. Trademark Application Serial No. 85/113,102 for the mark WHO DAT, and U.S. Trademark Application Serial No. 86/050,118 for the mark WHO DAT?.  In addition to these federal registrations and applications, WDI owns numerous state trademark registrations for the WHO DAT mark in connection with various goods and services.

12. WDI's income is largely derived from royalty payments and/or licensing fees from its licensees selling merchandise bearing the WHO DAT Marks in interstate commerce throughout the United States as well as direct sales to consumers throughout the United States of its merchandise bearing the WHO DAT Marks.

13. The entities holding or who have held licenses to use WHO DAT Marks have invested significant amounts of capital and substantial amounts of time and effort towards the production, marketing and promotion of merchandise bearing the WHO DAT Marks. These concerted efforts have resulted in the wide recognition of the WHO DAT Marks throughout the United States.

14. WDI monitors and controls the quality and style of officially licensed WHO DAT goods, merchandise, and services produced by its licensees.

15. WDI's WHO DAT Marks have become distinctive, famous, and widely recognized.

16. WDI has used the WHO DAT Marks since at least 1983. WDI was the first user of the phrase WHO DAT in connection with the sale of goods and services.  In 1983, WDI obtained trademark registrations for the WHO DAT Marks.

17. WDI has extensively advertised its goods and services using the WHO DAT Mark since 1983.

18. WDI has received extensive media and internet coverage relating to its goods and services offered under the WHO DAT Marks.

19. WDI has routinely enforced its rights in the WHO DAT Marks over the years through cease and desist demands and court actions.

### DEFENDANT'S INFRINGING CONDUCT

20. WDI recently learned that Defendant may be selling, offering for sale, marketing and advertising products using the designations "Who Dat", "Who Dat!", and /or "Who Dat?" in its stores.

21. As a result, WDI hired an investigator to confirm Defendant's sale of counterfeit and infringing goods. The investigator confirmed that Defendant was and is selling, offering for sale, marketing and advertising products using the designations "Who Dat", "Who Dat!", and /or "Who Dat?" in their stores.

22. WDI hand delivered and/or mailed to the Defendant a letter requesting it to cease and desist the infringing activity.

23. Defendant refused to stop selling the counterfeit and infringing goods and continues to willfully infringe upon WDI's WHO DAT Marks. Defendant has ignored WDI's cease and desist request, and has and continues to use designations confusingly similar to WDI's WHO DAT Marks to sell and promote its products.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (REGISTERED MARKS)
### 15 U.S.C. § 1114(1)

24.     In WDI's first ground for relief, WDI alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). WDI repeats and re-alleges the allegations of paragraphs 1 through 23, as though fully set forth herein.

25.     The WHO DAT Marks are valid trademarks, identifying the source of goods and services provided by WDI under the WHO DAT Marks.  WDI is the senior user of the WHO DAT Marks in connection with the goods at issue in this lawsuit.

26.     Defendant has actual notice of the WHO DAT Marks.

27.     Defendant's unauthorized and infringing use of the WHO DAT Marks is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's goods by WDI. The consuming public and the trade are likely to believe that Defendant's goods originate with WDI , are licensed, sponsored, or approved by WDI, or in some way are connected with or related to WDI.

28.     Defendant's unauthorized and infringing use of the WHO DAT Marks constitutes intentional and willful infringement of WDI's rights in and to their federally registered trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II
### FEDERAL TRADEMARK COUNTERFEITING
### (REGISTERED MARKS)
### 15 U.S.C. § 1114

29.     In WDI's second ground for relief, WDI alleges violation of 15 U.S.C. § 1114. WDI repeats and re-alleges the allegations of paragraphs 1 through 28, as though fully set forth herein.

30. As stated above, the WHO DAT Marks are valid trademarks, identifying the source of goods and services provided by WDI under the WHO DAT Marks. WDI is the senior user of the WHO DAT Marks in connection with the goods at issue in this lawsuit.

31. Defendant has knowledge of WDI's rights in the U.S. trademark registrations in the WHO DAT Marks.

32. Without WDI's authorization or consent, Defendant uses designations identical or substantially indistinguishable from the WHO DAT Marks to offer and advertise goods and products identical to those offered for sale by WDI and its licensees. As a result, Defendant has engaged in trademark counterfeiting in violation of 15 U.S.C. §1114.

33. Defendant's use of designations identical or substantially indistinguishable from WDI's registered WHO DAT Marks in connection with identical goods is likely to cause and is causing confusion, mistake, and deception among consumers as to the origin of Defendant's goods, and is likely to deceive the public into believing the goods being offered and sold by Defendant originate from, are associated with, or are otherwise authorized by WDI, all to the damage of WDI's reputation and goodwill.

34. Defendant's acts have occurred in interstate commerce and have caused, and unless restrained by the Court, will continue to cause, serious and irreparable injury to WDI, for which WDI has no adequate remedy at law.

### COUNT III
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(C)

35. In WDI's third ground for relief, WDI alleges violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). WDI repeats and re-alleges the allegations of paragraphs 1 through 34, as though fully set forth herein.

36. As a result of the duration, extent, and geographical reach of WDI's use of the WHO DAT Marks, and the publicity and advertising associated with the WHO DAT Marks, the WHO DAT Marks have achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. § 1125(c). The WHO DAT Marks are widely-recognized by the consuming public as a designation of source of WDI's goods.

37. Defendant began using the designation identical or substantially indistinguishable to the WHO DAT Marks in interstate commerce in connection with Defendant's goods and services long after the WHO DAT Marks became famous and distinctive.

38. Defendant's use of the designations identical or substantially indistinguishable to the WHO DAT marks dilutes, or is likely to dilute, by blurring the distinctive quality of WDI's famous WHO DAT Marks and by tarnishing the reputation of WDI and the WHO DAT Marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39. These acts have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to WDI, for which WDI has no adequate remedy at law.

## COUNT IV
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125 (A)

40. In WDI's fourth ground for relief, WDI alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). WDI repeats and re-alleges the allegations of paragraphs 1 through 39, as though fully set forth herein.

41. Defendant's unauthorized use of the WHO DAT Marks, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendant's services as originating from or being connected with WDI, and is likely to cause

confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with WDI, or as to the origin, sponsorship, or approval of Defendant's services by WDI in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. These acts have occurred in interstate commerce and have caused, and unless restricted by the Court will continue to cause, serious and irreparable injury to WDI, for which WDI has no adequate remedy of law.

## COUNT V
## STATE TRADEMARK INFRINGEMENT

43. In WDI's fifth count, WDI alleges violation of LA. REV. STAT. § 51:222, trademark infringement. WDI repeats and re-alleges the allegations of paragraphs 1 through 42, as though fully set forth herein.

44. Defendant's use, without the consent of WDI, of designations identical or substantially indistinguishable from WDI's registered Louisiana trademarked WHO DAT Marks to offer and advertise goods and products identical to those offered by WDI is likely to cause confusion, mistake, or deception as to the source or origin of such goods and services, and comprises trademark infringement under LA. REV. STAT. § 51:222.

45. As a direct and proximate result of Defendant's infringement, WDI has been damaged, and unless Defendant is restrained by the Court, WDI will continue to suffer serious irreparable injury.

46. Pursuant to LA. REV. STAT. § 51:223, WDI is entitled to recover from Defendant, all profits derived from, and all damages sustained by WDI as a result of Defendant's aforesaid acts. WDI is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

47. Pursuant to LA. REV. STAT. § 51:223, WDI is entitled to an order, temporarily restraining, and preliminarily and permanently enjoining Defendant from further use, display or sale of goods or services bearing or associated with WDI's registered mark.

### COUNT VI
### TRADEMARK DILUTION UNDER THE LOUISIANA ANTIDILUTION STATUTE

48. In WDI's sixth count, WDI alleges violation of LA. REV. STAT. § 51:223.1, injury to business reputation, and trademark dilution. WDI repeats and re-alleges the allegations of paragraphs 1 through 47, as fully set forth herein.

49. Defendant's use of the designations identical to or substantially indistinguishable from WDI's WHO DAT Marks in the sale of goods and services, as described more fully above, has injured, or is likely to injure, WDI's business reputation, and has diluted, or will dilute, the distinctive character of WDI's WHO DAT Marks, through blurring and/or tarnishment, in violation of LA. REV. STAT. § 51:223.1, and to WDI's irreparable harm, notwithstanding the presence or absence of confusion as to the source of Defendant's goods or services. Unless enjoined, Defendant's conduct will cause WDI further irreparable harm, and WDI is entitled to injunctive relief pursuant to LA. REV. STAT. § 51:223.1.

### COUNT VII
### UNFAIR TRADE PRACTICES

50. In WDI's seventh count, WDI alleges violation of LA. REV. STAT. § 51:1401 *et seq.*, for unfair methods of competition and unfair and deceptive acts or practices. WDI repeats and re-alleges the allegations of paragraphs 1 through 49, as fully set forth herein.

51. Defendant's aforesaid activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405, and to WDI's irreparable harm.

52. Pursuant to LA. REV. STAT. § 51:1409, WDI is entitled to recover from Defendant all actual damages sustained by WDI as a result of Defendant's prior acts. WDI is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

53. Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices will cause WDI further irreparable harm, and WDI is entitled to injunctive relief, pursuant to, inter alia, LA. REV. STAT. §§ 51:1407 and 51:1408.

## PRAYER FOR RELIEF

54. A preliminary and permanent injunction against continued infringement of the WHO DAT? Marks by Defendant and all persons operating in concert with Defendant;

55. An accounting for and award of damages resulting from Defendant's sale, offer for sale and marketing of its infringing goods and services;

56. An award of treble damages against Defendant pursuant to

57. An assessment of interest on the damages;

58. An award of plaintiff's costs, expenses and attorney fees in this action; and,

59. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Greg Latham
Gregory D. Latham, Bar No. 25955 (T.A.)
Kent Barnett, Bar No. 33002
Intellectual Property Consulting, L.L.C.
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Phone: (504) 322.7166
Fax: (504) 322.7184
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com

*Attorneys for Who Dat?, Inc.*